# Lake Shore and Michigan Southern Railway Company *versus* Ellsey.

1. Replevin cannot be maintained without showing either a general or special property in the plaintiff, together with the right of immediate possession.

2. A railroad company delivered to E. certain goods which were consigned to him, and received from him the freight therefor. The goods were received in good faith by E., who had ordered them from the consignors. It appeared that they were sent to E., subject to the order of R., who demanded them of the company. The company then brought replevin. *Held*, that by surrendering the goods to E., the lien of the company was released, and they could not resume possession of the property, and that the action of replevin could not be maintained.

October 18th 1877. Before AGNEW, C. J., MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ. SHARSWOOD, J., absent.

Error to the Court of Common Pleas of *Erie county:* Of October and November Term 1876, No. 128.

Replevin by the Lake Shore and Michigan Southern Railway Company, against George W. Ellsey, for certain stoves delivered by plaintiff to defendant.

In 1872, the Treadwell Stove Company of Albany, New York, shipped seven stoves over the road of plaintiff, marked by tags or cards on the stoves, " G. W. Ellsey, Auctioneer, Erie, Pa." The shipping bill read that they were shipped, "subject to the order of C. B. Redfield, Erie, Pa." The stoves remained in the warehouse of plaintiff until the 6th of January, when Ellsey gave an order to a drayman for them, and they were delivered to him by the agent of the company. In February, Redfield demanded the stoves, and ordered them to be returned to the stove company. The plaintiff tendered to defendant the freight and other charges he had paid and demanded the stoves, which he refused to deliver. This replevin then issued, and three of the stoves were returned to plaintiff. The defendant testified that he had never heard of Redfield before this transaction, and there was no allegation that he had not acted in good faith. It was alleged also that defendant had agreed to return the stoves on repayment of the freight and charges.

The court affirmed the following points of plaintiff:—

1. If the stoves were shipped to the order of C. B. Redfield, and by mistake were delivered to the defendant without such order, then, on tender to him of the freight and cartage he had paid, the plain-

tiff had such a property as entitled them to maintain this suit, and can recover.

2. If Ellsey promised to deliver the stoves on payment of the freight which he had paid, and plaintiff tendered him the freight and cartage before suit, the plaintiff is entitled to recover.

And refused the following of defendant:—

1. To sustain the action, the plaintiff must show a property in the goods, either general or special, and a right to the possession.

2. If the plaintiff at any time had a lien or special property upon or in the goods, it was defeated by giving up the possession to the defendant, and if the possession is once waived it cannot afterwards be resumed.

In charging the jury, the court, Vincent, P. J., said:—

"The plaintiff cannot recover in this form of action unless it had a right to the possession of the stores replevied at the time of issuing the replevin as against the defendant. The plaintiff was not the actual owner of the stoves when they were delivered to the defendant; it had but a qualified property in them by virtue of its lien for freight, &c., but it had a right to hold them and was bound to do so until the order of Redfield was presented for their delivery.

"But the plaintiff could waive its right to retain the goods under its lien for freight, and if it gave up the possession, either with or without the payment of freight, without fraud on the part of the consignee, it gave up all right to re-possess itself of the property as against such consignee, and the fact that they had no right to so deliver them to the defendant, gives them, in our opinion, no right to recover them or their value in this form of action."

The verdict was for the defendant, and after judgment, the plaintiff took this writ assigning, *inter alia*, this charge of the court for error.

*J. W. Wetmore*, for plaintiff in error.—By virtue of the delivery of goods to a carrier for transportation there is vested in him a special property, which authorizes him to maintain an action against any person who disturbs his possession: Angell on Corporations 348. The reason of the special property is not security for the freight, but because the carrier is responsible for the goods.

The court below say plaintiff has no right to recover the stoves in this form of action. There is no other but trover, and if the action is upon the ground of wrongful detainer only, replevin is concurrent with trover: Hilliard Remedies for Torts 5, citing 4 Mich. 295; Coleman's Appeal, 25 P. F. Smith 457; 5 U. S. Digest 694, sect. 9.

The action of replevin may be brought whenever any person claims personal property in the possession of another, whether the property be absolute or qualified, provided he has the right to the possession: Morris on Replevin 37; 1 Dall. 156; Shearick *v.*

[Lake Shore & M. S. Railway Co. *v.* Ellsey.]

Huber, 6 Binn. 3; Boyle *v.* Rankin, 10 Harris 168–170; Herdic *v.* Young, 5 P. F. Smith 176; Harlow *v.* Harlow, 3 Harris 507.

*George W. Lathy* and *L. S. Norton*, for defendant in error, in support of the ruling of the court, cited Covert *v.* Reed, 4 Yeates 456; Bean *v.* Bolton, 3 Phila. 87; Story on Bailment, sect. 588.

Mr. Justice Sterrett delivered the opinion of the court, November 12th 1877.

Replevin cannot be maintained without showing either a general or special property in the plaintiff, together with the right of immediate possession. Neither of these was proved in this case, and consequently the plaintiff was not entitled to recover.

On the 13th December 1872, the Treadwell Stove Company shipped, by the plaintiff's road, from Albany, New York, to Erie, Pennsylvania, a lot of stoves, marked on the cards or tags attached thereto, " G. W. Ellsey, Erie, Pennsylvania." The bill of lading which accompanied them, in possession of the company plaintiff, contained the same address, and in addition thereto, on the margin, the words, " Subject to the order of C. B. Redfield," who appears to have been the treasurer of the stove company. The defendant claimed that he had ordered the stoves from the consignors, on the usual terms and in the ordinary course of business; and there was nothing to show that he knew they were forwarded to him, subject to any restriction as to delivery. Shortly after their arrival at Erie, he was notified that they were in the plaintiff's warehouse; and on the 6th of January 1873, he paid the freight and they were delivered on his order. The transaction on his part, so far as appears from the testimony, was in perfect good faith. If he had obtained possession of the stoves by trick or artifice, a very different case would have been presented; but nothing of the kind was even alleged. After they were received by him, no inquiry was made, nor anything done by the plaintiff or the consignors until the 23d of February following, when Redfield wrote to the railway company, demanding the stoves. This led to negotiation with the defendant, who finally refused to surrender them, and thereupon three of them were replevied and delivered to the plaintiff. By virtue of its lien, the railway company had a right to retain possession of the stoves until the freight was paid, and the order of Redfield for their delivery was given. But, upon the receipt of the freight, it voluntarily delivered them into the possession of the defendant, who at that time, so far as appears, was ignorant of any restriction as to the delivery. By thus surrendering the possession to him, without being induced to do so by any act of bad faith on his part, the lien which previously existed was released; and the railway company had no right afterwards to resume possession of the property: Story on Bailments, sect. 588. Nor did the alleged

[Lake Shore & M. S. Railway Co. v. Ellsey.]

agreement of the defendant to return the stoves, on re-payment of the freight and charges, give the plaintiff a right of action in the present form. If, under the circumstances, the action had been brought by the consignors, as owners of the property, claiming possession on the ground that the delivery was unauthorized by them, a different question might have been presented, but it does not arise in the present case.

There appears to be no substantial error in the record, and the judgment should be affirmed.

Judgment affirmed.