# McFarland-Meade Co. *v.* Doak, Appellant.

*Replevin—Contract—Delivery of material to building operation —Passing of title.*

An action of replevin to recover steel window sashes cannot be maintained where it appears that the plaintiff entered into a contract in writing with the defendant to furnish and hang the window sashes for a building which the defendants were constructing for another, that after the sashes were delivered to the building, but before they were hung, the defendants notified the plaintiffs that the contract was revoked because of the employment by plaintiffs of nonunion labor, and that the plaintiffs by reason of this notice, and also by reason of the fact that there had been a default in the payment of moneys due, went upon the premises and removed the window sashes under the writ of replevin issued in the case. In such a case the title to the sashes had passed out of the plaintiffs by the delivery, and they had no such general or special property in them as would support an action of replevin.

*Practice, C. P.—Demurrer—Judgment for want of an affidavit of defense—Appeals.*

Where in an action of assumpsit a demurrer to the statement is overruled, and the defendant takes no further step, but permits judgment to be entered against him for want of an affidavit of defense, he may after the entry of such final judgment, take an appeal and assign as error the order overruling the demurrer.

Argued Dec. 2, 1915.   Appeal, No. 157, Oct. T., 1915, by James G. Doak, et al., trading as James G. Doak & Company, from order of C. P. No. 3, Philadelphia Co., Dec. T., 1914, No. 324, overruling demurrer to statement in case of McFarland-Meade Company v. James G. Doak and G. A. Maicas, trading as James G. Doak and Com-

pany, and the Finance Company of Pennsylvania. Before RICE, P. J., ORLADY, HEAD, PORTER, KEPHART and TREXLER, JJ. Reversed.

Replevin to recover twenty-six pairs of hollow steel window sashes.

The statement of claim was as follows:

1. Plaintiff avers that prior to the 21st day of November, 1914, it was the owner and lawfully possessed of said 26 pairs of hollow steel window sash (painted red and glazed) which are the subject of this suit.

2. That the defendants, James G. Doak and G. A. Maicas, partners, trading as James G. Doak & Co., having previously entered into contract with the Finance Company of Pennsylvania, to erect a building for the said Finance Company of Pennsylvania, the remaining defendant, on South Penn Square in the City of Philadelphia, on May 20, 1914, contracted with the plaintiff to furnish, deliver, set in place and finish complete, inter alia, the hollow steel window sash for said building, as well as other metal work in accordance with the terms of a contract in writing, dated May 20, 1914, entered into between the plaintiff and the said James G. Doak & Co., a copy of which is hereto attached, made a part hereof, and marked Exhibit "A."

3. Plaintiff avers that in pursuance of the terms of its agreement with James G. Doak & Co., one of the defendants, it, the plaintiff, manufactured said sash and delivered the same at the building of the said Finance Company of Pennsylvania, the other defendant, but plaintiff avers that it is advised and believes that under its contract with the said James G. Doak & Co., title to said sash did not pass upon delivery, but only when said sash had been delivered, set in place and hung and the hardware applied thereto in acordance with the terms of said contract, and plaintiff avers that prior to the time when the defendant could set in place, hang and finish complete said sash and apply the hardware thereto in accord-

ance with the requirements of said contract, the said James G. Doak & Co., notified the plaintiff that by reason of the employment by it of nonunion labor, a strike had been called upon said building by the Building Trades of Philadelphia, and that it, the said plaintiff, could not proceed further with the doing of its said work under the said contract, but that the said defendant, James G. Doak & Co., would cause and procure said work to be completed by other contractors in accordance with an agreement which had been reached between the said James G. Doak & Co., and the remaining defendant, the Finance Company of Pennsylvania, after conference with the representatives of the striking workmen.

4. Plaintiff avers that in addition to said notice so given as aforesaid to the plaintiff, that it could not further proceed with the work whereby the contract so made as aforesaid between the plaintiff and the said James G. Doak & Co., was broken by the said James G. Doak & Co., the said James G. Doak & Co., further violated said contract in that they failed and neglected to pay to the plaintiff the sum of upwards of $1,200.00 which was due and owing to the plaintiff on October 1, 1914, for work and labor done and materials furnished and set in place during the month of September, 1914.

5. Plaintiff avers that it is advised and believes that by reason of the said several breaches of said contract by the said James G. Doak & Co., plaintiff was and is entitled to treat said contract as at an end and to remove its said property from the said premises and avers that it did so remove said property by virtue of the writ of replevin issued herein.

The defendants, James G. Doak & Co., demurred to the statement, but did not file an affidavit of defense.

The court overruled the demurrer and subsequently entered a final judgment for want of an affidavit of defense.

*Error assigned* was in overruling the demurrer.

*Reynolds D. Brown,* with him *Ira Jewell Williams,* for appellant.

*Francis Chapman,* with him *S. Spencer Chapman,* for appellee, cited: Diamond Glass Co. v. Ladwig, 33 Pa. Superior Ct. 506.

OPINION BY KEPHART, J., April 17, 1916:

Plaintiff brought this action of replevin to recover certain sash. The contract on which the action was based provided that the plaintiff shall and will provide all material and perform all the work for the furnishing and setting in place all of the hollow metal window frames and sash,......it being understood and agreed that Doak and Company is to set the frames in the wall, but this contract includes the hanging, fitting and setting of all sash and the applying of all hardware including the sash lifts and locks. The plaintiff was to be paid $7,500, eighty per cent. monthly of the value of the work done and material furnished and set in place under this contract during the previous month, as approved by the architect and received by the contractors. It had manufactured the sash and delivered the same at the building of the Finance Company. The statement further alleged that the contract was revoked by the defendant because of plaintiff's failure to employ union labor and notice of such revocation was given to the plaintiff, that Doak and Company failed and neglected to pay the plaintiff the sum of $1,200 which was due and owing to the plaintiff on October 1, 1914, for work and material furnished and set in place during the month of September, 1914, and that by reason of the said breach of the contract by Doak and Company, plaintiff was entitled to treat the contract as at an end and to remove its property, and it instituted this action of replevin to recover twenty-six pairs of these hollow steel window sash painted red and glazed. To this statement a demurrer

was filed, which was overruled, and judgment taken for want of an affidavit of defense.

In an action of replevin, which is a possessory action, the plaintiff must clearly establish either a general or special property in the goods replevied and his right to possession, which right must be exclusive to authorize a delivery of the property to him: Reinheimer v. Hemingway, 35 Pa. 432; Lake Shore and Michigan Southern Railway Company v. Ellsey, 85 Pa. 283. In the case of an executory contract for the sale of personal property, requiring something to be done in order to ascertain the entire price, the property remains the property of the vendor until such acts be done and unless he delivered the property the vendee cannot recover the possession of it in replevin. To constitute delivery there must be an actual delivery at the place appointed, made with the intent to deliver, which intent is to be manifested by the acts and declarations of the vendor: Lester v. McDowell, 18 Pa. 91. Considering the nature and character of the contract, coupled with the acts of the parties as gathered from the statement, what was the intention of the plaintiff when the sash were delivered to the defendant at the building at the Finance Company? It surely was not in the mind of the vendors that they would subsequently take them away, but they were placed there in compliance with their contract that they might be incorporated as a part of the building. This is recognized by the terms of payment when it speaks of paying for materials "received by the contractors." If the plaintiff intended that the title to the sash, which forms but a part of the contract, was to remain in it, the contract should have so provided or something should have been done by the plaintiff clearly evidencing its intention to withhold the passing of the title. Its statement contains no such averment, but it does say that it is advised as a matter of law, that the title did not pass. It is quite evident no such thought was entertained by the vendor when the sash were left at the building nor under the

contract could it have been.   When the sash were delivered to the defendant everything had been done by the plaintiff by way of delivery that could possibly have been done under the contract, and the defendant accepted the sash.   There was nothing more to be done by the plaintiff until they were placed in the building, but before this occurred plaintiff received a notice revoking his contract.   By this notice the plaintiff was relieved by the defendant of further completion of its contract, and in being so relieved, of course, the defendants waived complete performance.   That the sash were accepted by the defendant is evidenced by the fact that it was necessary to institute this action to recover them.   The plaintiff not only avers the notice as a breach of the contract, but also the failure to pay the last sum of money due on the contract; but where goods have been delivered, failure to make payment would not reinvest title in the vendor unless the contract specifically so provided.   The mere fact that some work was yet to be done on the goods delivered will not control the legal effect of such delivery where it is accompanied by an acceptance of the goods, unless there is a stipulation in the contract to the contrary, but there must be an acceptance or such acts of the parties, from which an acceptance may be found, as would waive a compliance with the terms of the contract for work yet to be done, in order to fix title in the vendee.   It was the lack of this acceptance or acts tending to show it that relieved the vendee in Diamond Glass Company v. Ladwig, 33 Pa. Superior Ct. 506. To follow the appellee's argument to its logical conclusion the title would not pass until the last sash was hung and the minutest piece of hardware was in place, and in event of a revocation of the contract, the sash could be taken away though forming a part of the building.   The defendant having by its acts exercised ownership over the sash, and having elected to treat, by the terms of the notice, the balance of the contract as having been waived, the title would be complete in the

vendee. The facts relied on by appellee certainly do not present such a clear case of property, either general or special in the goods in dispute, as would sustain its action of replevin. The appellee further urges that inasmuch as the court below directed judgment for want of an affidavit of defense, it is now too late to inquire into the validity of the court's action in overruling the defendant's demurrer. Had an appeal been made directly from the order overruling the demurrer, appellant would have been successfully met with the objection that the order was interlocutory. In permitting judgment to be entered for want of an affidavit, the appellant did the only thing possible to enable it to take an appeal, as there would then be a final judgment upon which it might be based. This it has done and has assigned as error the order overruling the demurrer. The appellant was not concluded nor did it waive any of its rights by permitting the case to go to final judgment for want of an affidavit of defense: Frick and Lindsay Co. v. Maryland, Etc., Co., 44 Pa. Superior Ct. 518.

The demurrer should have been sustained. It is here done. The judgment is reversed and now entered for the defendant on the demurrer.