# Packard Motor Car Co., Appellant, v. Mazer.

*Bailments—Bailee's interest—Execution—Tender of payment—Default.*

A bailee, under a lease with right to purchase, who has paid more than half of the amount due under the lease, has a substantial interest in the property, and such an interest is subject to seizure and sale for his debts.

The refusal, of a bailor to accept the balance due him on a contract of bailment, estops him from asserting as a breach the bailee's refusal to render that which he himself refused to accept.    The bailee having tendered payment, which bailor refused to accept, the bailor cannot set up default in that payment to justify seizure of the automobile bailed, as against the rights of the execution creditor of the bailee.

*Replevin—Judgment by default—Effect—Rights of third parties.*

A judgment by default in an action of replevin, is of no effect as against one who was not a party to the action and was not in possession of the property to be replevied.

Reargued April 25, 1921.    Appeal, No. 96, April T., 1920, by plaintiff, from judgment of C. P. Allegheny County, April T., 1918, F. I. No. 1, on verdict for defendant in the case of Packard Motor Company of Pittsburgh, a corporation, v. Joseph Mazer.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.    Affirmed.

Feigned issue under sheriff's interpleader.    Before EVANS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for defendant, and judgment thereon.    Plaintiff appealed.

*Errors assigned* were refusal of plaintiff's point for binding instructions and refusal of judgment non obstante veredicto.

*Harvey A. Miller,* of *Miller & Nesbitt,* for appellants. —Personal property under bailment lease is not liable to levy and sale by a judgment creditor of the bailee: Cobb & Chase v. Deiches & Co., 7 Pa. Superior Ct. 252; Appeal of Edwards, 105 Pa. 103; Ott v. Sweatman, 166 Pa. 217; Durr v. Replogle, 167 Pa. 347.

*T. F. Ryan,* for appellee.

OPINION BY HENDERSON, J., July 14, 1921:

This is a proceeding under the sheriff's interpleader act to determine the title to an automobile seized as the property of Mrs. Sherin on an execution issued in favor of Mazer, the appellee. The property was claimed by the plaintiff which had entered into a bailment contract with Mrs. Sherin, dated June 29, 1917, under which she acquired possession of the automobile with the right to purchase the same at any time within thirty days from the termination of the lease on the payment of one dollar. The value of the car was fixed at $2,200—$733.36 of which were paid on the execution of the lease; the remainder being payable in sums of $122.22 per month upon the 29th day of each succeeding month until the whole amount was paid. The execution was issued while the car was in the possession of Mrs. Sherin and on the same day on which a writ of replevin to recover it was issued by the plaintiff. This writ of replevin was based on the allegation of the plaintiff that default had been made in the payment of the installment due November 29, 1917. The writ of replevin was returned by the plaintiff's attorneys and an application was made by the sheriff for an issue to establish the title to the property; the plaintiff claiming to be the owner and the defendant asserting a right of levy on the interest of the defendant in the execution. The statement of claim filed by the plaintiff in the feigned issue bases the right of recovery wholly on the fact that the November payment had not been made, and this was the issue tried. It

was not a controverted fact that the bailment had been made and that all of the payments preceding that due November 29th had been met. If that was made, as Mrs. Sherin alleged, the plaintiff had not any right to the possession of the car, for there had been no default on the part of the lessee. The verdict of the jury sustained the contention of Mrs. Sherin and the fact having been thus established that she was in lawful possession of the automobile under her contract with the plaintiff, and it appearing that more than half of the amount due under the contract had been paid by her, she had a substantial interest in the property which was subject to seizure and sale for her debts. This was decided in Edward's App., 105 Pa. 103, where the court said: "If during the period of the bailment, the bailee pays part of the price fixed, a creditor may levy upon and sell the bailee's interest." The levy would of course not affect the right of the bailor under the contract, but when, as in this case, the property was taken from the bailee by the bailor without right, and the bailee was deprived of the opportunity to comply with the terms of the contract, the bailor becomes liable in this issue to the execution creditor to the extent of the bailee's interest in the property, or if that be more than the execution debt, to the amount necessary to satisfy the writ. It does not appear that it was the intention of the execution creditor to sell more than the interest of the debtor in the property levied on. That interest was well understood by all of the parties concerned as appears from the evidence, and all that the execution creditor proposed to sell was the interest of Mrs. Sherin. It is clear that the bailor could recover the property only by showing a right of possession arising through a breach of the contract. "In an action of replevin, the plaintiff must establish either a general or special property in the goods replevied, and his right to possession, which right must be exclusive to authorize a delivery of the property to him": McFarland-Meade Co. v. Doak, 63 Pa. Superior Ct. 27. We think it clear that

under the issue as presented by the pleadings and as tried
in the court below, the trial judge was not in error in'
refusing to give binding instructions or to enter a judg-
ment non obstante veredicto. Having joined issue and
having given a bond and taken possession of the prop-
erty, it was the burden of the plaintiff to prove that Mrs.
Sherin had lost her interest in the property by failure to
comply with the terms of the contract; and having failed
in this undertaking, the defendant was entitled to the
benefit of the lien of his writ. Having tried the case on
this issue, the plaintiff is not at liberty to set up a differ-
ent claim. The charge of the court presented the ques-
tion for the consideration of the jury in a clear and satis-
factory manner, and no exception was taken thereto.

Moreover, the verdict of the jury established the fact
that a tender was made to the plaintiff of the amount
due on the contract before the issue was formed, and
under the authority of a recent decision of the Supreme
Court in the White Co. v. Union Transfer Co. in which
an opinion was filed by Justice KEPHART April 25, 1921,
"the refusal of a bailor to accept the balance due would
estop the latter from asserting as a breach the bailee's
refusal to perform what the bailor through its own fault
has refused to accept performance of. Its own wrong-
doing cannot enure to its own benefit, and title will pass
without the formality of a transfer." As it is clear that
on the facts found there was no breach of her contract
by Mrs. Sherin, the right of the execution creditor to
realize on whatever interest she had in the property
levied on has not been successfully impeached, and the
action of the trial court should be sustained. The con-
tention that the judgment by default under the alias
writ of replevin is res adjudicata as to the execution
creditor, is sufficiently answered in the opinion of the
court on the motion for judgment non obstante. When
that writ was issued, the automobile was in the posses-
sion of the plaintiff. Mazer was not a party and was not
in possession of the property to be replevied. Not being

a party to the writ and there being no property in the possession of the defendant against which it could operate, Mazer was not affected by the judgment by default.

The assignments are overruled and the judgment affirmed.