## Conrad et al. v. Hoch.

R. F. *Dilley*, for plaintiffs; E. *Shortz, Jr.*, for intervening defendant.

VALENTINE, J., Nov. 15, 1929.—The plaintiffs on March 6, 1929, leased to the defendant, Claude Hoch, a certain Packard automobile for the term and period of eleven months. Repairs to the automobile were made by Samuel

Weinstock, to whom it had been delivered for said purpose by Hoch. After the institution of this action, Weinstock intervened as a party defendant, under the provisions of the Act of May 3, 1923, P. L. 136, filed a counter-bond, and retained possession of the car, whereupon the plaintiffs procured this rule.

Notwithstanding the language of the Act of 1923, *supra*, that if a person found in possession of goods files an affidavit that the said goods and chattels "belong to him," he may file a counter-bond, or otherwise act as a defendant, we are of the opinion that Weinstock, who claims a lien on the automobile by reason of the making of repairs and the furnishing of material, was not entitled to file a counter-bond and thereby retain possession of the automobile (Hersker *v.* Hoffmeier, 22 Luzerne Legal Reg. 65), even though he made an affidavit that the same "belong to him."

No statement of title has been filed by the plaintiffs, but the petition upon which this rule is based avers that the automobile was leased by the plaintiffs to Hoch, and while in his possession was placed in the garage of the intervening defendant, who claims the right to the possession of the car by virtue of the alleged lien for repairs, etc.

The car was owned by the plaintiffs but in the possession of Hoch. In order to charge it with the lien claimed by the intervening defendant, "the labor for which the lien is claimed must have been done at the request of the owner or under circumstances from which his assent can be reasonably implied. It does not extend to one not in privity with the owner:" Meyers *v.* Bratespiece, 174 Pa. 119; Bankers' C. Security Co. *v.* Brennan, 75 Pa. Superior Ct. 199, 202. But even though the intervening defendant might not have a valid lien on the automobile or be entitled to file a counter-bond and thus retain its possession, the plaintiffs, in order to procure its delivery to them, must have had the right of immediate possession at the time of the institution of the suit: Lake Shore & M. S. Ry. Co. *v.* Ellsey, 85 Pa. 283; McFarland-Meade Co. *v.* Doak, 63 Pa. Superior Ct. 27.

Under the lease, a copy of which is attached to plaintiffs' petition, Hoch is *prima facie* entitled to possession of the automobile for a period of eleven months from March 6, 1929, and there is no averment that plaintiffs became entitled to its possession by reason of the failure of Hoch to comply with any covenant therein. Therefore, we are of the opinion that, even though the intervening defendant was not entitled to file a counter-bond, no order directing the delivery of the automobile to the plaintiffs should be made.

The rule is discharged without prejudice to the plaintiffs' right to renew the application upon averment and proof of facts constituting a breach of the covenants in the lease which entitles them to possession of said automobile.