**In the Matter of William E. MOODY, individually and trading as Edward S. Moody & Son, Bankrupt.**
**No. 24017.**

United States District Court
E. D. Pennsylvania.
July 1, 1955.

Samuel Marx, Philadelphia, Pa., for trustee.

Holl, Taylor & Holl, Media, Pa., for landlords.

Butler, Beatty, Greer & Johnson, Media, Pa., for chattel mortgagee.

Charles Green, Philadelphia, Pa., for bankrupt.

GRIM, District Judge.

William E. Moody, individually and trading as Edward S. Moody & Son, was adjudicated a bankrupt by this court on February 23, 1954. The Referee permitted the trustee to sell the bankrupt's personal property, the various lien claimants being relegated to the fund realized from the sale.

At the time of the adjudication, Moody had creditors who had claims against his personal property as follows:

1. J. G. Braun, who was the holder of a valid bailment lease on which a balance of $295.13 was due.

2. United States Government, which filed a claim for taxes totalling $5,077.44. Notice of its tax liens had been filed in the office of the Prothonotary of Delaware County, Pennsylvania, by the United States as follows:

| | |
|---|---|
| June 5, 1952, No. 2674 in sum of | $ 865.72 |
| July 18, 1952, No. 2707 in sum of | 518.52 |
| Oct. 31, 1952, No. 2801 in sum of | 696.70 |
| | $2,080.94 |

3. J. Earle Suter and Ada W. Suter, who had claims for rent for the property in Media, Delaware County, Pennsylvania, which had been occupied by the bankrupt. The rent covered the period from May 1, 1952, to February 1, 1954, and totalled $700. A distraint was issued on Moody's personal property on February 1, 1954.

4. First National Bank of Delaware County, which held a chattel mortgage against Moody's personal property which had been recorded in Delaware County, Pennsylvania, on September 27, 1948.

The sum of $2,078.85 is available for distribution as a result of the sale of the personal property after the payment of administration expenses. The Referee has entered an order of distribution allowing J. G. Braun's claim on the bailment lease in full. No one contests this. He has ordered that the balance of the fund available for distribution, after payment to the bailment lessor, be paid to the United States on its tax liens as to which notices had been filed with the Prothonotary of Delaware County. The holder of the chattel mortgage and the landlord have filed petitions for review.

The holder of the chattel mortgage contends that its claim should be given priority over the claim of the United States for taxes, and the landlord contends that its claim for rent should be given priority over the claim of the United States.

■ The Pennsylvania Chattel Mortgage Act of June 1, 1945, P.L. 1358, 21 P.S. § 940.1 et seq.[1] provides:

"Any chattel mortgage executed pursuant to this act shall be a lien upon the property therein described, which lien shall be good and valid against and superior to all rights of subsequent purchasers * * * other subsequent lienors and encumbrancers, and all persons subsequently dealing with the mortgaged property or subsequently acquiring an interest therein from the time of filing of the mortgage * * *."

It also provides that:

"* * * as to third parties [it] shall not remain a lien for a longer period than five (5) years, unless the lien thereof is extended by filing, prior to the expiration of the said lien, with the prothonotary an affidavit of the mortgagee or his assignee stating the amount then secured by the lien, in which case the said mortgage shall remain a lien for an additional period of five (5)

years from the date of the filing of such affidavit. * * * *"

The chattel mortgage against Moody's property was filed on September 27, 1948. At no time within five years thereafter and indeed never has anything been done by the mortgagee to extend the lien of the mortgage beyond September 27, 1953. The Referee was correct in deciding that the lien of the chattel mortgage expired on September 27, 1953. The First National Bank of Delaware County had no lien against the personal property at the time of the adjudication or the sale and is not entitled to participate in the distribution of the fund.

The landlord admits that if Moody had been the owner rather than the bailee of the personal property in his possession the claim of the United States for taxes would be given a preference over the landlord's claim under United States v. Scovil, 1955, 348 U.S. 218, 75 S.Ct. 244, and In re Litt, D.C.E.D.Pa.1955, 128 F. Supp. 34. But the landlord contends that because Moody was a bailee under a bailment lease rather than an owner the lien for taxes could not attach to his personal property.

■■ The Act of Congress provides, 26 U.S.C. § 3670, that tax liens shall attach "upon all property and rights to property, whether real or personal" belonging to the taxpayer. The bailee in a bailment lease has a property interest which can be levied upon. Packard Motor Car Co. v. Mazer, 77 Pa.Super. 348. In my opinion a bailee under a bailment lease has a property interest which also can be subjected to a lien for federal taxes. The Referee was correct in deciding that the liens of the United States could and did attach to the interest of the bailment lessee in the personal property and that these liens were superior to the lien created by the landlord when he made a distraint for rent.

The balance due on the bailment lease and the claim of the United States for

1. Now 12A P.S. §§ 9–301 to 9–303, 9–310, 9–313, 9–403.

taxes took all the proceeds of the sale. The Referee was correct in denying the claim of the holder of the chattel mortgage and the claim of the landlord.

The order of the Referee will be affirmed.