## Miller Piano Co. *v.* Parker, Appellant.

*Bailment—Fraudulent sale by bailee.*

A purchaser of goods from a bailee for hire takes no title in the goods.

If the possession of the seller of a personal chattel is that of a bailee or trespasser, the rule, which declares that, where one of two innocent persons must suffer, the loss should fall on him whose act or omission made the loss possible, does not apply.

A failure to mark the bailor's name on a leased piano will not estop him from recovering.

Argued March 23, 1893. Appeal, No. 228, Jan. T., 1893, by defendant, Gilbert F. Parker, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1891, No. 845, on verdict for plaintiffs, the Henry F. Miller & Sons Piano Co. Before WILLIAMS, MC-COLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Trespass for conversion of piano.

At the trial, before BRÉGY, J., it appeared that plaintiff leased a piano to Mary A. Davis for the term of three months at a rental of $20.00. Subsequently Mrs. Davis sold the piano to defendant.

Defendant's points were as follows :

" 1. That possession of the piano by Mrs. Davis was evidence of her ownership of the same." Refused. [1]

" 2. That the plaintiffs having failed to enforce the terms of the lease and agreement upon which the piano was sold to Mrs. Davis, they are guilty of such neglect and laches as, under the testimony in this case, prevents their recovery, and the verdict must be for the defendant." Refused. [2]

" 3. That the piano being such as would permit of stamping, marking or indicating that the same was 'leased' or 'rented' without injury to the piano, it was the duty of the said plaintiffs before the piano left their possession to so mark, stamp or otherwise indicate thereon that they had not parted with their ownership thereof, and, in default of such indication, stamping

or marking, the plaintiffs cannot recover in this action, and the verdict must be for the defendant." Refused. [3]

" 4. That the plaintiffs having it in their power to so mark or stamp the piano before it left their possession, that the same was a leased or rented instrument, were bound so to do, if they wished to protect themselves against innocent purchasers, and their failure so to do bars their recovery in this action, and the verdict must be for the defendant." Refused. [4]

" 5. If the jury finds from the evidence that the defendant was a bona fide purchaser for value, without notice, and that he actually purchased and paid for the same before receiving notice from the said plaintiffs, the verdict must be for the defendant." Refused. [5]

" 6. If the jury find from the evidence that the piano was in the possession of Mrs. Davis, without any stamp, mark, lettering or other indication that the piano was a rented instrument with the ownership still remaining in the said plaintiffs, and that the defendant purchased said piano in good faith, and actually paid for the same before notice from the said plaintiffs of their claim of ownership, the verdict must be for the defendant." Refused. [6]

" 7. That where one of two innocent persons is to suffer for the tortious act of a third, he alone who gave the aggressor the means of doing the wrong must alone bear the consequences of the act." Refused. [7]

8. Request for binding instructions.  Refused. [8]

Binding instructions were given for plaintiff. [9]

Verdict and judgment for plaintiff.  Defendant appealed.

*Errors assigned* were (1–9) instructions, quoting them.

*W. A. Manderson*, for appellant, cited : Entriken v. Brown, 32 Pa. 364 ; Penna. R. R. Co.'s Ap., 86 Pa. 84.

*Ormond Rambo*, for appellee, not heard, cited : Lehigh Co. v. Field, 8 W. & S. 232 ; Enlow v. Klein, 79 Pa. 488 ; Chamberlain v. Smith, 44 Pa. 431 ; Rowe v. Sharp, 51 Pa. 26 ; Crist v. Kleber, 79 Pa. 290 ; Edwards v. Stranghellen, 105 Pa. 103 ; Dando v. Foulds, 105 Pa. 74 ; Wheeler & Wilson Mfg. Co. v. Heil, 115 Pa. 487 ; Ditman v. Cottrell, 125 Pa. 606 ; Wertz & Co. v. Collender Co., 20 W. N. 59.

PER CURIAM, April 10, 1893:

Mere possession is at best but evidence, prima facie, of ownership of a personal chattel. It is never conclusive of the title. The reason is that it may result from a purchase, a bailment, or a trespass. The general rule is that one cannot make to his vendee a good title to articles that he does not own. If the possession of the seller is that of a bailee or a trespasser, the rule that declares that where one of two innocent persons must suffer loss the loss should fall on him whose act or omission made the loss possible, does not apply. A bailment for hire makes it possible for a dishonest bailee to sell the goods to an innocent purchaser, but such a sale will not pass the title of the bailor, for he has done or omitted nothing that should estop him from asserting his ownership of the goods. The contract of bailment made it necessary to give possession of the thing bailed to the bailee for the special and temporary purposes of the bailment, but the title remained in the owner. The fault in such a case is that of the dishonest bailee. The court below committed no error in so holding and

The judgment is affirmed.