# White Co. to use, Appellant, *v.* Union Transfer Co. et al.

*Replevin — Bailment lease — Right of possession — Delivery — Breach of contract—Statement of claim.*

1. The bailor under a bailment lease can recover in replevin only by showing right of possession through some breach of the contract.

2. He must establish either a general or special property in the goods, and also his right of possession, which must be exclusive in him.

3. A mere averment in the statement of claim of an attempt by the bailee to deliver to another is not sufficient.

4. To constitute an absolute delivery, there must be an intention to part with title and possession, and any retention of title, possession or control, would evidence an intention to withhold complete delivery and possession.

*Bailment—Lease—Estoppel—Refusal to accept tender of payments.*

5. A bailor under a bailment lease may, by his own conduct, present such circumstances as will estop him from asserting a breach.

6. If all payments and charges have been tendered, and the bailor refuses to accept and formally convey the goods, he will be estopped from asserting as a breach the bailee's refusal to perform what the bailor, through his own fault, has refused to accept performance of.

7. In such case, title will pass without the formality of a transfer.


Argued January 17, 1921. Appeal, No. 191, Jan. T., 1921, by plaintiff, from order of C. P. No. 1, Phila. Co., March T., 1919, No. 2897, discharging rule for judgment for want of sufficient affidavit of defense, in case of the White Company, to use of the White Motor Co. v. Union Transfer Co., defendant, and Joseph S. McCulloch, trustee for Union Transfer Co., Amelia B. Fletcher, Gustavus B. Fletcher, Edward C. B. Fletcher and Beam Fletcher Transportation Co., intervening defendants.

Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Appeal dismissed.

Replevin for two motor trucks.   Before SHOEMAKER, J. The opinion of the Supreme Court states the facts.

The court discharged a rule for judgment for want of a sufficient affidavit of defense.   Plaintiff appealed.

*Error assigned,* among others, was order, quoting it.

*William F. Brennan,* for appellant.—The affidavit of · defense was insufficient: Galey v. Guffey, 248 Pa. 523; Miller v. Jackson, 34 Pa. Superior Ct. 31; Carr v. Hughes, 71 Pa. Superior Ct. 412; Miller Piano Co. v. Parker, 155 Pa. 208; Barnett v. Fein, 41 Pa. Superior Ct. 423; Stern v. Sica, 66 Pa. Superior Ct. 84.

*Joseph J. Brown,* with him *Henry P. Brown,* for appellee, cited: Heilman v. McKinstry, 18 Pa. Superior Ct. 70; Houghton, Mifflin & Co. v. Du Bell, 15 Pa. Dist. R. 833; Strauss v. Reen, 17 Phila. 89; Johnson v. Groff, 22 Pa. Superior Ct. 85.  .

OPINION BY MR. JUSTICE KEPHART, April 25, 1921:

This is an appeal from an order discharging a rule for judgment for want of sufficient affidavit of defense in an action of replevin.   Two motor trucks, valued at $10,875.50, held under bailment leases, were seized.   This entire amount, with interest, had been paid according to the terms of the bailment, except $37.20, interest, and the dollar on each lease necessary to pass title at the end of the term, and, because of this, the action was brought.

The bailor can recover only by showing right of possession, arising through some breach of the contract. "In an action of replevin, the plaintiff must establish either a general or special property in the goods replevied, and his right to possession, which right must be exclusive to authorize a delivery of the property to him": McFarland-Meade Co. v. Doak, 63 Pa. Superior Ct. 27,

31. To meet the burden of establishing either a general or special property and right of possession in the bailor, plaintiff's statement, which submits the lease as authority, charges the bailee with "attempting, by bill of sale, ......dated Jan. 16, 1919, and during the term of the lease, to transfer......the two automobile trucks...... to McCulloch, trustee for the Union Transfer Company, ......intervening defendant, as collateral security for liabilities assumed by the" transfer company. . This is denied in the affidavit, and further answered by the averment that the defendant bailee "never in any way parted with [the] custody of [the] trucks." To constitute an absolute delivery, there must be an intention to part with title and possession, and any retention of title, possession or control, would evidence an intention to withhold complete delivery and possession. The agreement between McCulloch, the trustee, and the transportation company, defendant, provides that the custody of the trucks should be retained by the Beam-Fletcher Transportation Company (bailee) in accordance with the lease, and the affidavit avers this to have been done until the company was wrongfully and improperly deprived of their custody by the White Company. The agreement between the transfer and transportation companies was executed, as appears by the statement, the day before the last payment of rent was due under the lease, and this payment was later accepted by appellant apparently with full knowledge of the possession of the trucks.

Appellee. urges the small item of interest and transfer charge cannot be set up as a breach, as the former was paid and tender of both these sums was, and is now, made, though appellant refused to state the balance due on this account. If these facts are correct, while we have no intention to rewrite the terms of the bailment, the evident purpose of which is generally very well known, nevertheless appellant may, by its conduct, present such circumstances as would estop it from assert-

ing a breach, the principle for which is recognized in Miller Piano Co. v. Parker, 155 Pa. 208, and Estey Co. v. Dick, 41 Pa. Superior Ct. 610; and, although courts will uphold these contracts, they will not permit them to become instruments of oppression through the unconscionable acts of bailors. Appellant states in its argument that appellee admits custody in the bailee. However this may be, if all payments and charges have been tendered, and appellant failed or refused to accept and formally convey, the bailor will be estopped from asserting as a breach the bailee's refusal to perform, what the bailor, through its own fault, has refused to accept performance of. Its own wrongdoing cannot enure to its own benefit, and title will pass without the formality of a transfer; plaintiff, in such case, has not established a property of any kind in the thing bailed. These facts, appearing in defense, would give McCulloch the right to intervene, and the record presents a case for a jury's consideration.

The appeal is dismissed with a procedendo.