## Simkin, Appellant, *v.* Reinhardt.

*Replevin—Bailment—Amount 'due on bailment—Tender—Affidavit of defense—Sufficiency.*

In an action of replevin, an affidavit of defense is sufficient, which alleges tender of the amount which the defendant thinks he owes, together with an averment that he has frequently asked the plaintiff for a statement of the account between them.

Where there is an averment of willingness to perform the contract in full and a refusal on the part of the plaintiff to assist in the determination of the amount in dispute, the affidavit contains sufficient allegations to have the case submitted to a jury.

Argued December 15, 1920.  Appeal, No. 312, Oct. T., 1920, by plaintiff, from judgment of C. P. No. 1, Phila. Co., March T., 1920, No. 2047, discharging rule for judgment for want of a sufficient affidavit of defense in the case of Jacob Simkin, trading as Owner's Auto Finance Company, v. George R. Reinhardt, Ethel H. Reinhardt and M. F. LaRoche.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.  Affirmed.

Replevin for automobile leased on a bailment lease.

Rule for judgment for a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule.  Plaintiff appealed.

362, (1921).] Assignment of Error—Opinion of the Court.

*Error assigned* was the order of the court.

*George J. Edwards, Jr.,* for appellant.

*Jacob Weinstein,* and with him *Joseph Moss* and *Emanuel Moss,* for appellee.

PER CURIAM:

The value of the Oldsmobile auto involved in this appeal was fixed by the contract at $900 and by its terms $550 was paid in cash on delivery, "and the balance of $350 to be paid at the rate of $42.50 per month." Pursuant thereto payments were made aggregating $320 leaving a balance of $30 plus the $1 stipulated for on final payment.

The plaintiff claims in damages $500 based on an alleged default in payment of interest on the entire price ($54) and the final payment of $30 with its interest, and in this action of replevin seeks to recover the auto, and retain the $820 paid thereon.

Whatever doubt there was as to the correct amount due, the plaintiff could have relieved, and received $36.95, which was tendered and refused, and is renewed in the affidavit. The trifling difference could easily have been adjusted, had the plaintiff complied with the defendant's repeated requests for a statement.

To rely on the suggested technicalities is paring too thin, when there is an averment of willingness to perform the contract in full. The act allowing such appeals was intended to reach only clear cases of law, and in doubtful cases the matter in controversy should go to a jury: Horvitch v. Eaton, 51 Pa. Superior Ct. 251; Insurance Co. v. Beck, 66 Pa. Superior Ct. 528; White Co. v. Transfer Co., 270 Pa. 514. The affidavit contained sufficient averments to warrant the court in refusing to make the rule for judgment absolute.

The judgment is affirmed.