# CASES

IN

# THE SUPERIOR COURT

OF

## PENNSYLVANIA

### Hayden *v.* McMillan, Appellant.

*Replevin—Statement of claim—Affidavit of defense—Title to property—Question not raised in pleadings.*

In an action of replevin the declaration and affidavit of defense, without other pleadings, constitute the issue under which the question of the title to or right of possession of the goods and chattels as between the parties shall be determined by a jury.

In an action of replevin judgment was properly entered for the plaintiff when the issue raised in the pleadings was the title to the property in question and the evidence at the trial did not contradict the plaintiff's title.

Where the issue raised in the pleadings was confined to the title of the property replevied, evidence relating to the declaration by one of the parties, who was a bailor, with respect to the property, was properly excluded, when such evidence comprehended a new issue not mentioned in the affidavit of defense.

*Bailments — Bailor and bailee — Unauthorized declarations by bailee.*

Unauthorized declarations of a bailee with respect to the ownership of property and his breach of faith in disposing of it, do not estop the owner from asserting his title even against one who has purchased in good faith from the bailee.

The mere delivery of personal property to a bailee does not estop the owner from subsequently asserting title against one into whose possession the property has unlawfully come.

Argued March 8, 1922.   Appeal, No. 40, March T., 1922, by defendant, from judgment of C. P. Lackawanna

Co., March T., 1916, No. 389, on verdict for plaintiff in the case of M. F. Hayden v. R. F. McMillan. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER and LINN, JJ. Affirmed.

Replevin to recover horse and cart.

The case was referred to B. Fenton Tinkham, Esq., as referee, who gave judgment in favor of the plaintiff for $637.50.

On exceptions to the report of the referee the court dismissed the exceptions and affirmed the report. Defendant appealed.

*Error assigned,* among others, was the order of the court.

*A. A. Vosburg,* for appellant.

*Reese Harris,* of *Knapp, O'Malley, Hill & Harris,* for appellee.

OPINION BY HENDERSON, J., April 18, 1922:

The plaintiff in this action asserted his ownership and right of possession of a horse and a track cart. The statement of claim set forth the title and the sources from which the property was obtained; the allegation being that the plaintiff bought the horse from one William Andrews, on the 13th day of May, 1915, and the cart from one A. H. Tyson, on the 5th day of June, 1915; that he took possession of the property so purchased and had continued the owner thereof until the time of the bringing of the action. The defendant filed an affidavit of defense in which he denied that Andrews had sold the horse to the plaintiff or that Tyson had sold the cart to him. He claimed title to both of the chattels by virtue of a bill of sale dated September 10, 1915, from the said Andrews to him. He asserted that Andrews was the sole owner of the property at the time the de-

fendant purchased it from him. In an action of replevin
the declaration and affidavit of defense without other
pleadings constitute the issue under which the question
of the title to or right of possession of the goods and chat-
tels as between the parties shall be determined by a jury,
as is provided in section 6 of the Act of 19th of April,
1901. It will be seen, therefore, that the questions pre-
sented for trial were whether the plaintiff bought the
property as alleged in the statement of claim; or the de-
fendant acquired title by purchase from Andrews as al-
leged in the affidavit of defense? The plaintiff, having
offered proof of the purchase of the horse from Andrews
and of the cart from Tyson and of payment therefor and
of the taking possession of the same, closed his case.
The defendant then offered the bill of sale set forth in the
affidavit of defense. He also offered evidence to the
effect that early in September, 1915, Andrews was driv-
ing the horse for the plaintiff at the Pottstown fair;
that the horse fell in a race and that the plaintiff told
Andrews to sell him "for the highest dollar." It ap-
peared in the evidence of the plaintiff that after the horse
had been in training for two months from the time he
purchased him, the plaintiff entered into an agreement
with Andrews that the latter should take the horse in
question and another to some races and drive them—he
to have one-half of what he could make from the stakes.
No effort was made on the part of the defendant to prove
that the plaintiff had not acquired title to the property—
his contention was that the plaintiff permitted Andrews
to have possession and control of the horse and equip-
ment, thus clothing him "with all the indicia of owner-
ship," thereby making it possible for him to sell the prop-
erty without notice of any claim of adverse ownership.
The effect of which was to estop the owner from asserting
title against a bona fide purchaser from Andrews. Ac-
quiescence in this conclusion would be in effect a decision
that a bailment of property made for a lawful purpose
accompanied by possession in the bailee would expose

the owner to the loss of his title if the bailee should dispose of it in violation of the pledge. From the very nature of the transaction a bailment for hire or storage makes it possible for a dishonest bailee to sell property which does not belong to him to a confiding purchaser. Possession is one of the incidents of bailment, but it is not adverse to or inconsistent with the title of the owner. Such possession as the bailee has is not evidence of ownership. A great volume of business in the commercial world would be thrown into confusion if from the fact of possession it were possible for the bailee to give a good title to an innocent purchaser. The unauthorized declarations of a bailee with respect to the ownership of property and his breach of faith in disposing of it, do not have the effect to estop the owner from asserting his title even against one who has purchased in good faith from the bailee. Precedents on the subject are numerous. Miller Piano Co. v. Parker, 155 Pa. 208; Riggs v. Bair, 213 Pa. 402; Werley v. Dunn, 56 Pa. Superior Ct. 254; Crist v. Kleber et al., 79 Pa. 290, contain expressions of the law on the subject. There are exceptions to the rule thus stated. Where an owner invests another with such evidence of ownership or apparent authority to deal with and dispose of property as is calculated to mislead, and actually does induce one to buy in good faith, an estoppel may be asserted against the owner, but in such cases it is necessary to show the conduct of the owner leading to imposition on the purchaser. The case of O'Connor, Adm'x, v. Clark, 170 Pa. 318, cited by the appellant, is of this character. There the owner for his own advantage permitted the bailee to paint the name and business of the latter on the vehicle. This was an obvious representation to the public that the person using the cart was the owner. Under such circumstances the real owner might be held to be responsible for the wrong done to an innocent person by reason of the false color. It is nowhere held, however, that the mere delivery of personal property to a bailee is such conduct as will estop the owner

from subsequently asserting title against one into whose possession the property has unlawfully come.

Complaint is made that the referee at the close of the evidence struck out the testimony of three witnesses called to prove the direction given, by the plaintiff to Andrews in the hearing of the witnesses, to sell the horse and equipment. The evidence was excluded for the reason that it was not responsive to the issue. The proposal was to prove not that the defendant owned the property, as asserted in the affidavit of defense, but that the plaintiff owned it and had made Andrews his agent to sell it. This shifted the ground of the defense and raised a new issue. As the pleadings stood when the case came to trial the plaintiff had no notice that his ownership was to be admitted, but that an agency would be alleged in Andrews which authorized him to sell. No offer was made at any stage of the trial to amend the affidavit, and we see no place on which to rest a determination that the evidence was relevant under the pleadings, and the same may be said of the defense by estoppel. That necessarily involved an admission of ownership in the plaintiff which was the fact identically denied in the affidavit. Evidence of a different character was involved in the second defense actually presented from that suggested by the issue joined. It was the evident legislative intention to have the field of inquiry in an action of replevin limited by the statement of claim and the affidavit of defense. To permit an inquiry and a judgment along different lines would involve the litigation in much confusion, and might put one of the parties at a great disadvantage in the presentation of his case.

The learned counsel for the appellant recognizing this possible difficulty, presented a petition at the argument for leave to amend the affidavit of defense to conform to the fact asserted with respect to the alleged authority given by the plaintiff to Andrews to sell the property. Two objections to the application are evident: first, the effect of granting it would be to reverse the

judgment of the court below on grounds not involved in the issue tried and to require a retrial on the new issue raised; second, the application comes too late. The facts sought to be established were known by the defendant before the case came to trial, and the witnesses were present at the trial. It was due to the plaintiff that the change in the pleadings be made in time to permit him to rebut the evidence relied on. It is suggested by the learned counsel that the evidence is already in the record, but it must be considered by the referee and we cannot assume that the plaintiff offered all the evidence which was available to him on the subject. If we have the authority to so amend the record as to form any new issues, we are not convinced that the record presents such a state of fact as should induce such action at this time.

The judgment is affirmed.