## Leitch *v.* Sanford Motor Truck Co. et al., Appellants.

*Bailment—Personal property — Possession — Pledge or sale by pledgee—Right of owner to pursue property—Unauthorized declarations of ownership—Estoppel—One of two innocent parties—Maxims.*

1. Possession of personal property in a bailee for hire does not clothe him with an apparent title or authority to dispose of it so as to create an estoppel, preventing the owner from asserting his title.

2. As possession by the bailee is one of the incidents of a good bailment, such possession is not inconsistent with the owner's title.

3. If the possession of the seller or pledger of personal property is that of a bailee or a trespasser, the rule that declares where one of two innocent persons must suffer, the loss must fall on him whose act or omission made the loss possible, does not apply in favor of the pledgee or vendee of such property.

4. In such case, the pledgee or vendee stands in no better position than a person who innocently buys, leases or acquires property that has been stolen, since the owner can follow and reclaim it no matter where it may be found.

5. Unauthorized declarations of ownership by the bailee do not estop the owner from asserting his title.

6. The fact that a bailee of a truck put it on exhibition in a salesroom, where he was engaged in buying and selling such vehicles, does not convert the bailment into a conditional sale, nor estop the owner from asserting title, as against a person to whom the bailee has pledged the truck as collateral for money loaned.

7. If the owner, for his own advantage, permits the bailee to so act with the property (other than having possession), or so clothes him with apparent ownership, as to mislead or deceive the public, an estoppel may arise against the owner, but such conduct must affirmatively appear from the evidence.

Argued October 9, 1923.    Appeal, No. 32, Oct. T., 1923, by Westmoreland National Bank, intervening claimant, from judgment of C. P. Allegheny Co., April T., 1921, No. 2151, on verdict for defendant, in case of Harold King Leitch v. Sanford Motor Truck Co. and Westmoreland National Bank, intervening claimant. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.    Affirmed.

Replevin for motor truck.   Before STONE, J.

The opinion of the Supreme Court states the facts.

Judgment on instructed verdict for Sanford Motor Truck Co. Westmoreland National Bank, intervening claimant, appealed.

*Error assigned* was, inter alia, refusal of judgment n. o. v., for intervening claimant, quoting record.

*Richard D. Laird,* with him *Miller & Nesbitt,* for appellant.—A bailment lease on property, will not be sustained as against a subsequent pledge made by a dealer in possession, when possession accompanies the pledge: Bank of North America v. Motor Car Co., 235 Pa. 194; White v. Gunn, 205 Pa. 229; Stephens v. Gifford, 137 Pa. 219; McMahon v. Sloan, 12 Pa. 229; Westinghouse v. Bank, 196 Pa. 249; Little v. Fearon & Co., 252 Pa. 430; Rapp v. Palmer, 3 Watts 178.

Where one of two parties who are equally innocent of actual fraud must lose, the one whose misplaced confidence in an agent or attorney has been the cause of the loss shall not throw it on the other: P. R. R. Co.'s App., 86 Pa. 80.

*Ernest Frey,* for appellee.—As between the Sanford Motor Truck Company and Nicholson, the title to the truck in controversy remained in the former under the bailment lease.

The undisputed testimony, showing the Sanford Co. to be the owner of the truck, No. 1322, and Nicholson merely a bailee, the Westmoreland National Bank can only succeed by proving the elements of an equitable estoppel. This it entirely failed to do: Connor v. Clark, 170 Pa. 318; Hildeburn v. Nathans, 1 Phila. 567; Ryman v. Gerlach, 153 Pa. 197; Bank of North America v. Motor Car Co., 235 Pa. 194; Estey Co. v. Dick, 41 Pa. Superior Ct. 610; Miller Piano Co. v. Parker, 155 Pa. 208; Bankers Commercial Security Co. v. Greer, 77 Pa. Superior Ct. 458; Quinn v. Davis, 78 Pa. 15.

OPINION BY MR. JUSTICE KEPHART, January 7, 1924:

The question in this appeal may be stated thus: Is the delivery of personal property under a bailment lease such conduct as will estop the owner from subsequently asserting title against one who has the property in his possession as collateral for money loaned the bailee?

The Sanford Motor Truck Company, by bailment lease, delivered a number of trucks to W. O. Nicholson, engaged in the business of buying and selling Sanford Motor Trucks in a sales room on Liberty Avenue, Pittsburgh, Pa. Lessee, or bailee, was indebted on a note in the sum of $2,800 to the Westmoreland National Bank, appellant, and gave one of the leased trucks to the bank as collateral. It was transferred to Leitch's garage for storage and possession of the pledgee bank; the receipt for the machine was given to the bank. This was sufficient transfer of possession if the bailee had power to transfer any rights in it under a pledge. Nicholson failed to pay any installments of rent due on the truck. Later he absconded, the Sanford Company took possession of the car, and the owner of the storage garage instituted this action of replevin.

The bank claims the property because it was transferred as collateral for a debt by a bailee without knowledge or notice of bailment. The court below instructed for the truck company; the bank appeals,

It was held early in this Commonwealth that, as a general rule, a sale of personal property, leaving the vendor in possession and without doing anything to indicate a change of ownership, is fraudulent as against creditors: Clow et al. v. Woods, 5 S. & R. 275, 278. Where a vendee or pledgee takes title to personal property without possession of it, he assumes the risk of the integrity and insolvency of his vendor or pledgor when the rights of subsequent bona fide purchasers or levying creditors arise: White v. Gunn, 205 Pa. 229, 232; Bank of North America v. Penn Motor Car Co., 235 Pa. 194, 198. But where the owner loses or is robbed of his property, or one who has a temporary right to its use attempts to sell or pledge it without consent, the owner may follow and reclaim it no matter in whose possession it may be found: King v. Richards, 6 Wharton 418, 422; Easton v. Worthington, 5 S. & R. 130.

It is urged, however, that possession of the property in the bailee for hire so clothes him with an apparent title or authority to dispose of it as to create an estoppel preventing the owner from asserting his title, and the latter is thereby deprived of his property. But possession is one of the incidents of a good bailment: Trunick v. Smith, 63 Pa. 18, 23; McBride v. McNally, 243 Pa. 206, 209. Such possession is not inconsistent with the owner's title, and such "a bailment for hire makes it possible for a dishonest bailee to sell the goods to an innocent purchaser, but such a sale will not pass the title of the bailor, for he has done or omitted nothing that should estop him from asserting his ownership of the goods. The contract of bailment made it necessary to give possession of the thing bailed to the bailee for the special and temporary purposes of the bailment, but the title remained in the owner. The fault in such a case is that of the dishonest bailee": Miller Piano Co. v. Parker, 155 Pa. 208, 210. Possession of a chattel is but prima facie evidence of ownership; it is not conclusive, as it may result from purchase, bailment or trespass,

and the claimant, in replevin, must show not only a general or special property in the goods, but also his exclusive right to possession: White Co. v. Union Transfer Co., 270 Pa. 514; Reinheimer v. Hemingway, 35 Pa. 432; Lake Shore and Michigan Southern Ry. Co. v. Ellsey, 85 Pa. 283. If the possession of the seller or pledgor is that of a bailee or a trespasser, the rule that declares, where one of two innocent persons must suffer, the loss must fall on him whose act or omission made the loss possible, does not apply to the pledgee or vendee. The pledgee stands in no better position than a person who innocently buys, leases or acquires property that has been stolen. The owner can follow and reclaim it no matter where it may be found: Miller Piano Co. v. Parker, supra; Easton v. Worthington, supra; Hosack v. Weaver, 1 Yeates 478. Where pledged property has been delivered secretly to a storage company, a lien for storage cannot be imposed on it (Estey Co. v. Dick, 41 Pa. Superior Ct. 610, 617); nor can the bailee for hire impose a lien on it for repairs: Stern v. Sica, 66 Pa. Superior Ct. 84, 89; Bankers' Commercial Security Co., Inc., v. Brennan & Levy, 75 Pa. Superior Ct. 199, 202.

Of course, if the owner, for his own advantage, permits the bailee to so act with the property (other than having possession), or so clothes him with apparent ownership (Little v. William F. Fearon & Co., 252 Pa. 430), as to mislead or deceive the public, an estoppel may arise against the owner, but such conduct must affirmatively appear from the evidence: O'Connor v. Clark, 170 Pa. 318. Unauthorized declarations of ownership by the bailee do not estop the owner from asserting his title: Crist v. Kleber, 79 Pa. 290; Miller Piano Co. v. Parker, supra; Werley v. Dunn, 56 Pa. Superior Ct. 254; Hayden v. McMillan, 79 Pa. Superior Ct. 1, 4. Nor would the fact that the bailee put the truck on exhibition in a sales room, where he was engaged in buying and selling these vehicles, convert the bailment into a conditional sale, or estop the owner from asserting his title. The

claim of property in the pledgee is at best no higher than that in the lessee; it was subject to the "bailment lease" with the original owner. On the breach of the covenant to pay installments of rent, the owner was entitled to immediate possession. The bailee could not defeat this right by pledging the machine to a third person. See Newman v. Globe Indemnity Co., 275 Pa. 374,—one of our most recent cases on replevin.

If we were to sustain appellant's contention it would seriously interfere with the vast business done throughout the State on bailment leases, and property thus held would be at the peril of the bailors. Our decisions, however, follow a different course, protecting the owner's title as long as he does not knowingly permit the public to be misled.

The judgment of the court below is affirmed.