# Hoeveler-Stutz Company, Appellant, *v.* Bodman and Royer.

*Bailment—Automobile—Lease for purpose of sale—Right of bailor against purchaser from bailee.*

In an action of replevin for an automobile, it appeared that the car was delivered by plaintiff's assignor under a bailment lease to the defendant, an associate dealer, pursuant to an agreement between the dealer and the defendant which had been approved by the plaintiff. The evidence established that the car was delivered for the purpose of sale. Subsequently, the defendant delivered the car to the dealer, who, acting for him, sold it to the intervening defendant. Judgment was entered for the intervening defendant.

A delivery for sale is incompatible as respects a purchaser from the consignee with a bailment for use. An owner of goods cannot deliver them to a dealer for sale and secure the price by a bailment for use. The transaction, as a whole, confers authority on the dealer to make the sale and pass the title to the purchaser.

Argued October 24, 1927. Appeal No. 114, October T., 1927, by plaintiff from judgment of C. P., Blair County, October T., 1925, No. 203. In the case of Hoeveler-Stutz Company, a Corporation, for Use of Automobile Guarantee Corporation, a Corporation, v. Robert Ira Bodman and W. C. Royer. Before PORTER,

P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.   Affirmed.

Replevin for an automobile.   Before Baldrige, P. J. Verdict for defendants in the sum of $1,000.00 and judgment thereon.   Plaintiff appealed.

*Error assigned,* among others, was the refusal of plaintiff's motion for judgment non obstante veredicto.

*E. Lowry Humes* and with him *D. Lloyd Claycomb* and *Daniel S. Horn* for appellant.

*John F. Sullivan* and with him *John J. Haberstroh* for appellee.

Opinion by Keller, J., March 2, 1928:

This case differs but little from the case of Hoeveler-Stutz Co. for use of Automobile Guarantee Corporation v. Cleveland Motor Sales, (R. R. Rossman), and Wm. B. Knisel (113 October Term 1927) just decided. The legal principles involved are the same.   The only points of difference are that Bodman, the original defendant, was an associate dealer under Rossman, trading as Cleveland Motor Sales; the legal plaintiff, Hoeveler-Stutz Co. being the distributor of motor cars to both; and the agreement between Rossman and Bodman was subject to the approval of Hoeveler-Stutz Company and was approved by it.   The agreement provides for the furnishing of the associate dealer's estimated requirements, ten motor cars, at fixed prices, less a commission, to Bodman for sale by him, to be paid on delivery in cash, or forwarded with sight draft attached to bill of lading.   Reports of sales were to be made monthly by the associate dealer, and full information regarding the business given the distributor and its representatives at all times.   The motor car in suit was furnished to Bodman, the associate

dealer, for sale pursuant to that agreement, but was furnished directly by the distributor, Hoeveler-Stutz Company, to Bodman, instead of through Rossman, the dealer, and a bailment contract taken from Bodman to Hoeveler-Stutz Company, the legal plaintiff, which recited a down payment of $216 and provided for the payment of $993.38, within 90 days. This "lease" was assigned to the use plaintiff by Hoeveler-Stutz Company, which guaranteed its payment and subsequently and before trial did pay the balance due the use plaintiff.

Just as in the former case, the vice-president and sales manager of the legal plaintiff, Hoeveler-Stutz Company, admitted that the motor car was furnished Bodman for the purpose of sale. As Bodman himself was unable to sell the car he turned it over to the duly authorized dealer, Rossman, who acting for him sold the car to the intervening defendant, Royer, who paid $500 down and financed the balance, $840.96 by a bailment lease, obligating him to pay this amount in instalments, the full title to the car to become his on the completion of the payments. This lease Rossman assigned, together with the property in the car, to the Manufacturers' Finance Company. Bodman testified on the trial that he had turned the car over to Rossman to sell for him and never repudiated the latter's acts in connection with the sale to Royer.

It is not necessary to discuss again the principles considered at some length in the preceding case. We think the following conclusions may be drawn:

1. The plaintiff must recover in this case on the title and right of possession of the legal plaintiff to the car in suit.

2. That right is not affected by the payment by the legal plaintiff to the use plaintiff of the unpaid balance due under the former's contract with Bodman,

in accordance with the guaranty contained in the assignment.

3. The car was delivered by the legal plaintiff to Bodman for the purpose of sale by him pursuant to his contract as an associate dealer.

4. The use plaintiff was cognizant of this fact.

5. A delivery for sale is incompatible, as respects a purchaser from the consignee, with a bailment for use. An owner of goods cannot deliver them to a dealer for sale and secure the price by a bailment for use. The transaction, as a whole, confers authority on the dealer to make the sale and pass the title to the purchaser.

6. Bodman constituted Rossman his agent to make the sale.

7. Rossman acted for Bodman in making the sale to Royer.

8. The transaction carried with it all of Bodman's interest in the car and his right to sell it.

9. The legal plaintiff must recover on his own right to the possession of the car.

10. The state of the account between Royer and the Manufacturers' Finance Company is of no concern to the plaintiff.

With this view of the case it is not necessary to discuss the assignments of error in detail. We have considered them all and are satisfied that none of them was harmful to the plaintiff or affected its legal rights.

The assignments are overruled and the judgment is affirmed.