The Johnstown Automobile Company *v.* Robert J. Read, Appellant.

Argued March 15, 1929.

Before TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*H. H. Waite,* and with him *S. I. Spyker,* for appellant.—Plaintiff must recover on the strength of his own title: McKee v. Ward, 289 Pa. 414; Reinheimer v. Hemmingway, 35 Pa. 432.

A bailee with authority to sell has power to pass title: Hoeveler-Stutz Company v. Bodman and Royer, 92 Pa. Superior Ct. 433.

*J. Earl Ogle, Jr.,* and with him *James S. Woods* and *W. M. Henderson,* for appellee.—The appellant violated the provisions of section 3, Act of April 27, 1925, P. L. 286, 289.

There was no lawful pledge: White Company v. Union Transfer Company, 270 Pa. 514.

OPINION BY TREXLER, J., April 29, 1929:

The Johnstown Automobile Company caused a writ of replevin to be issued for the recovery of a La Salle automobile which the company had delivered to Leon G. Myers who was its sales-agent for Huntingdon

County. The automobile was delivered under a bailment lease, dated April 5, 1927, the term of the lease being thirty days at a rental of $2,298.70, payable $500 in cash and the remainder in one month. It was in the ordinary form giving the right to the lessor to resume possession upon failure to comply with the conditions of the bailment. Myers, the sales-agent, in order to secure some money for himself pledged the automobile in question and another to Robert J. Read, the defendant and appellant, as security for a loan of $4,750 obtained from Read. Possession did not accompany delivery, but later on, before the writ of replevin was issued, Read did get possession of the La Salle car and it was in his possession when the writ was served. The money loaned to Myers upon the security of the two cars was to be repaid in ten days, apparently with a bonus of $250 and a check for $5,000 was given to defendant by Myers with the understanding that he was to hold it for ten days and if paid, he was to return the cars and certificates of title to Myers; but if the check was not paid, the defendant testified, the cars were to become his property.

As between Myers and the Johnstown Automobile Company, Myers never became the owner of the car. He was, however, the recognized sales-agent and under our decision in the case of Hoeveler-Stutz Co. v. Bodman & Royer, 92 Pa. Superior Ct. 433, Myers could sell the cars to any purchaser and pass the title to him. As to such purchasers, the bailment contract between the company and Myers would avail nothing, for the very purpose of the agency was to sell and in carrying out that purpose, the act of the agent was the act of the principal and the latter was estopped and could not gainsay the agent's authority. In this case, however, the defendant must rely upon his title, not upon any estoppel. He received no greater title

than Myers had. As between Myers and the plaintiff, the latter had no title, he was a bailee. The authority given to Myers, as a sales agent, did not imply that he had a right to pledge the cars so received by him to raise money for his own purpose. The case of Hoeveler-Stutz Co. v. Bodman & Royer, supra, does not cover any such situation. If I deal with an agent, who is represented to the public as authorized to sell and receive the proceeds of such sales, and I purchase goods from him and pay him, my title to such goods can not be questioned by the agent's principal, but if the agent represents himself to be the owner of the goods and obviously for his own purposes pledges them, the principle stated in the above case does not apply. The pledgee must look to it that the title of his pledgor is that of owner and not merely agent in possession for the purpose of selling and for no other purpose. The bailee cannot defeat the right of the owner by pledging the machine to a third person: Leitch v. Sanford Truck Co., 279 Pa. 160, 165.

On the other hand, if the defendant claims that he received title to the car by virtue of the certificate of title issued by the State Highway Department, he cannot maintain his position. The certificate which was passed to him was not assigned and passed no title. Without the proper endorsement, it was valueless.

The assignments of error are overruled and the judgment is affirmed.