## Equitable Automobile Finance Company v. Manuel et al.

*Swartz & Campbell*, for plaintiff; *Daniel Marcu*, for defendants.

MACNEILLE, J., March 26, 1932.—This case was listed for trial by jury, but when called the attorneys requested the court to try without jury. They stated agreed facts as follows:

That the plaintiff is an automobile finance corporation and owner of a certain automobile which it leased and placed in the possession of David Glick; David Glick stored it in the defendants' garage, agreeing to pay therefor eighteen dollars per month, and it remained there for four months. The total rent due is seventy-two dollars, which has not been paid by Glick and for which the garage owner claims he has a lien upon the automobile. Glick did not make the payments due under his lease with the Equitable Automobile Finance Company, plaintiff in this suit, wherefore it replevined the automobile.

The question before us is "Have the defendants, Max and Frank Manuel, trading as Clinton Garage, a lien on the automobile for the garage charges?" In view of Leitch v. Sanford Motor Truck Co., 279 Pa. 160, we think the defendants have no such lien. It does not appear that the bailor had any notice or knowledge that the car was stored by Glick with the defendants, nor does it appear that the bailor knowingly permitted conduct or representations that would show an apparent authority in his bailee to act as agent.

The lease between the Equitable Automobile Finance Company and Glick was a bailment lease, constituting Glick the bailee of the automobile. We can

find nothing that would justify the conclusion that Glick was the agent or servant of the Equitable Automobile Finance Company. He was without any authority to make any contract with reference to the automobile which could bind the bailor, the Equitable Automobile Finance Company.

In this case there was no distraint for rent, but a lien is asserted as existing because of a contract made by plaintiff's bailee with the garage for storage of the car. We conclude that the bailee is not the agent of the bailor and cannot bind the bailor—hence there is no such lien as is asserted by the defendants. For this reason, we find for the plaintiff and direct the prothonotary to enter judgment for the plaintiff.