## Equitable Credit Company v. Lloyd's Garage

*Swartz & Campbell*, for plaintiff; *F. H. Bates*, for defendant.

SMITH, P. J., May 8, 1934.—This is an action in replevin brought against the defendant to recover possession of one Hudson coupe. Under the pleadings it appears that plaintiff leased to one Thomas J. Dooley a Hudson coupe, manufacturer's number 918231, motor number 37814. There were two leases, one dated January 22, 1932, and the second dated December 28, 1932. Dooley, the lessee, took possession of this car and stored it in the defendant's garage at 5536 Chestnut Street, Philadelphia. During the time the car was so stored, and before the writ was issued by plaintiff, rent for storage had accumulated in the sum of $205.28. Plaintiff filed a statement of claim fully setting forth the conditions under which the car was leased to Dooley, and also pleaded the two agreements or bailments under which Dooley had possession of the car. The defendant filed an affidavit of defense answering each paragraph of the statement of claim, but not specifically denying the title or ownership of plaintiff in the car. The affidavit does, however, aver that this car was placed in defendant's garage by Dooley, the lessee, that it had been kept there during the time specified in the affidavit of defense, that the charges for storage had not been paid, and that defendant had no notice that Dooley was not the legal owner of the car. The defendant pleads that it is entitled to a special lien or encumbrance upon the car for the storage of the same during the time it was in the garage. Plaintiff entered a rule on defendant to show cause why judgment should not be entered for want of a sufficient affidavit of defense.

A careful reading of the statement of claim, the affidavit of defense, and the authorities submitted by the respective parties leads us to the conclusion that the affidavit of defense is not sufficient to prevent judgment, and that the rule should be made absolute.

It is well settled by the authorities in this State that a bailee for hire cannot enter into a contract or agreement with reference to the bailed article that will impose any obligation upon the bailor, and a garage man cannot impose a lien upon a leased automobile when no contract has been made with the bailor for the storage of the same: Leitch v. Sanford Motor Truck Co. et al., 279 Pa. 160, wherein it is said: "Possession of personal property in a bailee for hire does not clothe him with an apparent title or authority to dispose of it so as to create an estoppel, preventing the owner from asserting his title."

At page 163 of the case cited, it is said further: "It is urged, however, that possession of the property in the bailee for hire so clothes him with an apparent title or authority to dispose of it so as to create an estoppel preventing the owner from asserting his title, and the latter is thereby deprived of his property. But possession is one of the incidents of a good bailment: . . . Such possession is not inconsistent with the owner's title, and such 'a bailment for hire makes it possible for a dishonest bailee to sell the goods to an innocent purchaser, but such a sale will not pass the title of the bailor, for he has done or omitted nothing that should estop him from asserting his ownership of the goods. The contract of bailment made it necessary to give possession of the thing bailed to the bailee for the special and temporary purposes of the bailment, but the title remained in the owner. . . .' Possession of a chattel is but prima facie evidence of ownership; it is not conclusive, as it may result from purchase, bailment or trespass, and the claimant, in replevin, must show not only a general or special property in the goods, but also his exclusive right to possession: . . ."

At page 164 of the opinion, it is said: "The pledgee stands in no better position than a person who innocently buys, leases or acquires property that has been stolen. The owner can follow and reclaim it no matter where it may be found: . . . Where pledged property has been delivered secretly to a storage company, a lien for storage cannot be imposed upon it . . . nor can the bailee for hire impose a lien on it for repairs: . . ." To the same effect is Stern V. Sica, 66 Pa. Superior Ct. 84.

The plaintiff further complains that the averments contained in the affidavit of defense in paragraphs 1, 2, 3, 4, and 5 are vague, indefinite, and insufficient in law, and in addition are simply demands for information. It was held in the case of Buehler v. United States Fashion Plate Co., 269 Pa. 428, 433, that if "defendant content himself with a simple disavowal of knowledge, and a formal call for proof . . . . all matters thus dealt with in the affidavit of defense, and are duly averred in the statement of claim, may be treated as conceded, when properly brought before the court, or proved, when the pleadings are admitted in evidence: . . ."

A reference to the answers of defendant in the paragraphs mentioned shows that they are vague, indefinite, and insufficient in law, and do not comply with the provisions of the act of assembly relating to affidavits of defense.

Our attention has been called by counsel for the defendant to the case of Carnell v. Gorson, 25 Dist. R. 189, contending that it rules the instant case. A reference to the citation shows, however, that in that case the affidavit set forth that plaintiff was not the owner and that the defendant was the owner of the goods as a result of a trade made with the approval of the plaintiff. In the instant case, the affidavit does not aver that plaintiff is not the owner of the car.

The other cases referred to by counsel for plaintiff relate to title to goods sold where the person selling them continues in possession. This question is not at issue here, for as a usual thing the bailor parts with possession of the goods to the bailee, and that is the very purpose of the lease of bailment, to give the bailee present possession and right to use the goods that have been leased.

After carefully considering all the pleadings in this case, with the briefs submitted, we believe the rule should be made absolute.

And now, May 8, 1934, the rule for judgment for want of a sufficient affidavit of defense is made absolute.