## Carlisle Deposit Bank & Trust Co., Trustee, v. Hoffer

*Joseph P. McKeehan*, for claimant.

*E. M. Biddle, Jr.*, and *Hyman Goldstein*, for defendant.

REESE, P. J., October 21, 1938.—On July 29, 1938, we made absolute the sheriff's rule for interpleader herein, whereupon on August 10, 1938, claimant, as plaintiff in the issue, filed its statement, and on September 23, 1938, the execution creditor, as defendant in the issue, filed his affidavit, which contained 10 paragraphs responsive to the averments of the statement, and under the head of "New Matter" 24 additional paragraphs averring grounds upon which defendant questions plaintiff's title. Endorsed on defendant's affidavit is a notice or rule requiring plaintiff to file an answer or reply to the new matter within 15 days.

Upon plaintiff's petition, filed September 30, 1938, a rule was granted to strike off the affidavit and for judgment for want of an affidavit in form and content conforming with the requirements of the Interpleader Act of June 22, 1931, P. L. 883. Defendant filed an answer, and the rule is now before us upon the petition and answer.

Section 10 of the Interpleader Act of 1931, supra, provides that when a rule for sheriff's interpleader is made absolute, "The issue shall consist of a statement of the source of the claimant's title . . . and an affidavit to be filed by the defendant or defendants in the issue, averring the grounds on which he questions the claimant's

title." Plaintiff contends that the only pleadings in such an issue which are authorized by the foregoing section are the statement and affidavit; that the inclusion of new matter in the affidavit and the notice or rule endorsed thereon requiring plaintiff to reply to the new matter are "illegal and void", since to give effect to them would be to require an additional pleading (reply to new matter) which is not authorized by section 10, supra. Hence plaintiff asks us to strike off the affidavit and enter judgment against defendant.

Section 6 of the Replevin Act of April 19, 1901, P. L. 88, provides: "The declaration and affidavit of defence . . . shall constitute the issues" in any action of replevin. It will be observed that this provision is not unlike that of section 10 of the Interpleader Act. It has been held that section 6 of the Replevin Act is mandatory, and that the only pleadings provided for are the declaration and affidavit of defense; therefore, that any pleading other than those prescribed is improper and shall be stricken off: Stern v. Yates, 25 Dist. R. 474; Hayden v. McMillan, 79 Pa. Superior Ct. 1; Patton's Common Pleas Practice (2d ed.) 292; 3 Troubat & Haly's Practice (6th ed.) 2322; Woodward on Replevin, 166. Hence, there is no room for a plaintiff's reply: Kurtz v. Herbst et al., 23 Dist. R. 309; Stern v. Yates, supra. To recognize defendant's right to plead new matter would be a recognition of his right to rule the plaintiff to file a reply thereto, and the Replevin Act of 1901 makes no provisions for such a pleading. We believe that section 10 of the Interpleader Act must be similarly construed. Hence, under that section, it is not proper for defendant to plead new matter or to rule the plaintiff to file a reply thereto, for the reason that section 10 makes no provision for such a pleading.

But assuming the foregoing principles to be sound, defendant contends that they are inapplicable here, for the reason that section 10 of the Interpleader Act of 1931 also provides: "The court in which such issues are raised

may make general rules governing the proceedings under this act, not inconsistent herewith," and further that rule 238 of C. P. Rules of Cumberland County provides:

"In all actions not specifically provided for by the Practice Act of 1915, the pleadings shall conform to the requirements thereof as nearly as possible."

Hence, it is contended that the rule of court authorizes, in the present proceeding, the pleading of new matter and calling upon the plaintiff to reply thereto.

Section 12 of the Replevin Act provides: "The courts of common pleas may make general rules governing the proceedings under this act, not inconsistent herewith." In Commercial Banking Corp. v. Nace, 325 September term, 1935, in this court, defendant contended that our rule 238 authorizes, in an action of replevin, the pleading of new matter and calling upon the plaintiff to reply thereto. Because the statutory provisions in replevin and sheriff's interpleader, to which we have referred, are almost identical, and because exactly the same contention, made by defendant in the proceeding now before us, was made by defendant in the action of replevin, cited above, what we there said concerning our rule 238 is wholly applicable to the present proceeding. We quote from our opinion in the replevin case:

"The rule does not provide that in actions of replevin and other actions not included in the Practice Act the *practice and pleadings* shall be as prescribed by the Practice Act. The true meaning of the rule is that in any action not covered by the Practice Act, as for example in an action of replevin (or in an issue in sheriff's interpleader), the pleadings therein shall conform to the requirements of the Practice Act as to conciseness, numbered paragraphs each containing but one material allegation, pleading evidence or conclusions of law, attaching copies of writings relied on, proper form of denials, verification, etc. In other words, rule 238 does not attempt to provide what the pleadings and practice shall be

in an action of replevin (or in an issue in sheriff's interpleader). The Act of 1901, supra, prescribes the required pleadings (in replevin and the Act of 1931, supra, those in an issue of sheriff's interpleader). Rather the rule means that whatever pleadings are required by law in an action of replevin (or in an issue in sheriff's interpleader) shall conform, as to the matters set forth above, to the requirements of the Practice Act. To give to rule 238 the interpretation placed upon it by plaintiff would assimilate to replevin (or to an issue in sheriff's interpleader) all of the *practice and pleadings* of the Practice Act, and this we feel would not be in accordance with section 12 of the Replevin Act (or with section 10 of the Interpleader Act, each of) which authorizes only such rules of court as are not inconsistent therewith."

The interpretation of rules of court is for the court which enunciates them: Haverford Township School Dist., to use, v. Herzog et al., 314 Pa. 161, 163.

". . . rules of court are made to promote the administration of justice, and necessarily, the courts making such rules must be allowed a wide discretion in their interpretation and application. It is only where the record shows a palpable and manifest abuse of such discretion that the appellate courts would interfere": Smith v. Smith, 49 Pa. Superior Ct. 423, 426.

Under our interpretation, a defendant in an issue in sheriff's interpleader cannot by pleading new matter require the plaintiff to file a reply thereto. We feel, however, that the paragraphs of defendant's affidavit under the head of "New Matter" are in accordance with section 10 of the Interpleader Act of 1931, because they aver "grounds on which he questions the claimant's title." Hence we cannot strike off the affidavit. It is only necessary to strike off by amendment the heading "New Matter" and the rule endorsed on the affidavit requiring a reply.

And now, October 21, 1938, the rule to strike off defendant's affidavit and for judgment against defendant

is hereby discharged; defendant's affidavit is hereby amended by striking therefrom the heading "New Matter" and the endorsed rule requiring a reply, and as thus amended the said pleading shall constitute defendant's affidavit in the issue.