### In re BARSKY et al.
### No. 21489.

District Court, E. D. Pennsylvania.

July 16, 1941.

Geo. F. Lowenthal, of Philadelphia, Pa., for claimant.

Bertram Bennett and Jenkins, Bennett & Libby, all of Philadelphia, Pa., for trustee.

KIRKPATRICK, District Judge.

The Referee was of the opinion that there was no evidence before him that this was a bailment for sale. In this I think he was in error. The evidence seems to be quite clear to the effect that, when this claimant delivered the goods in question and had the bankrupts execute the bailment lease form, it was thoroughly understood that the bailees were merchants, that the goods were to go into their stock in trade, and that they intended to sell them to their customers. I find this to be the fact. Consequently Leitch v. Sanford Motor Truck Co., 279 Pa. 160, 123 A. 658, does not rule the case.

In Hoeveler-Stutz Co. v. Cleveland Motor Sales Co., 92 Pa.Super. 425, the Court had before it a transaction which the parties had put in the form of a bailment lease. The evidence showed that it was not a bailment for use, but for sale. The Court held that the form of the transaction did not protect the manufacturer or distributor against customers of the bailee to whom he had sold the articles which were the subject of the bailment. The Court, although using some general language, was rather careful to go no further than the facts of the case before it, and the question presented by this case, namely whether a bailment for sale is good against creditors of the bailee, was not decided.

The law in most jurisdictions, including Pennsylvania, recognizes a sharp distinction in its policy toward bailments for use and bailments for sale, but, in the latter form of transaction, no policy requires that a lesser measure of protection should be given to creditors of the bailee than to purchasers from him. As an instrumentality of credit, the bailment lease in Pennsylvania supports a vast volume of buying of consumer goods and equipment, domestic, commercial and industrial, and makes available a great reservoir of purchasing power. The system is now so well understood by business men and credit agencies that very little fraud or hardship is possible so long as it is confined to bailments for use. Its further extension, on the other hand, into the field of bailments for sale, by which merchants can be fully stocked with goods which no creditor can reach (already possible to a limited extent by delivery on consignment) would meet no economic need and would be in direct contravention of the policy of the State which forbids secret liens and reservation of title as fraudulent against creditors.

The Circuit Court of Appeals for the Third Circuit in General Motors Accept-

ance Corp. v. Horton, 85 F.2d 452, and Judge Maris in Re Max Stein, D.C., 17 F. Supp. 587, 589, laid down a rule which the trustee thinks is inconsistent with my conclusion and which would support a bailment for sale against creditors. It will be noted that in both those cases the Court was dealing with bailments for use only.

There had been considerable confusion in the decisions of this District and Circuit arising from attempts of the Courts to get at the real nature of these transactions, disregarding the form. In the decisions cited, it was finally settled that the form would control, regardless of the ultimate intention, except in certain specified cases. One of the exceptions was where the circumstances showed that the owner was "willing to sell the chattel purely on credit." The Court went on to say: "In the absence of evidence showing such a willingness the form into which the parties have cast their transaction will be sustained." In re Stein, supra.

■ A manufacturer or distributor can now place goods for sale in the hands of a merchant in Pennsylvania upon consignment, and have them entirely free from claims of creditors. By requiring the merchant to hold the proceeds and transmit them to him in trust, he shows conclusively that he is unwilling to extend credit. In the present case there was no such restriction. The claimant here placed goods in the hands of the bankrupts knowing that they intended to sell them and knowing that, under the law, when they had been sold, he could have no recourse to the specific property nor to the fund realized by the sale, but could only recover on the general credit of the merchants. This, it seems to me, clearly shows a willingness to make the sale on credit and takes it out of the rule laid down by the Circuit Court of Appeals for the Third Circuit in the Horton case. It is true that Judge Maris in the Stein case accepted the mere fact that a bailment lease was used as evidence that a sale on credit was not intended. But, as has been noted, that was a bailment for use only, the purchaser could not have transferred title to the goods to anyone else, and the distributor always had his lien upon the goods to protect his price. The transaction here amounts in substance to an abortive or imperfect consignment, and if it should be sustained much of the law relating to creditors' rights in goods consigned for sale would have to be rewritten.

■ I therefore hold that where the bailment is for sale the property bailed passes to the bailee's trustee in bankruptcy.

The order of the Referee is reversed.