## Basore Construction Corp. v. Brinker Supply Co.

*Frank A. Orban, Jr.*, and *Sheeline & Leopold*, for plaintiff.

*Archibald M. Matthews*, for defendant.

LANSBERRY, P. J., August 29, 1955.—This action in replevin for certain construction equipment is before the court on the identical preliminary objections of both defendants above named.

Plaintiff, Basore Construction Corporation, lodged its præcipe for a writ of replevin with bond on July 23, 1954, seeking recovery of a backhoe attachment consisting of a boom, three quarter yard bucket, bucket stick, cables and other attachments belonging thereto and valued at $2,500. The writ was served August 3, 1954, by the Sheriff of Allegheny County, deputized by the Sheriff of Somerset County, on defendant, Brinker Supply Company, a corporation, at its place of business in Pittsburgh, Pa., and so returned August 7, 1954. By a subsequent return of the Sheriff of Somerset County on January 11, 1955, that officer certified, inter alia, that he served the writ of replevin upon Clarence Firestone, trading as Firestone Equipment Repair, in Somerset Township, Somerset County, Pa., on December 22, 1954, the specified equipment having been found in the possession of the second named defendant who was also served with a copy of the complaint.

In the complaint filed November 29, 1954, plaintiff alleges that in April of 1954 it entered into a contract with the Shippensburg Borough Authority for construction of a sanitary sewage system for that borough and in accordance with that contract this particular equipment was delivered into the possession of plaintiff and that plaintiff's possession of this equipment continued until July 2, 1954, when defendant, Brinker Supply Company, or its agents or representatives, sometime after 4:30 p.m. that day and before 7 a.m. on July 3, 1954, removed the equipment from plaintiff's job at Shippensburg Borough in Cumberland County, Pa., to Somerset County, Pa., and there secreted the equipment. Plaintiff further alleges that

it attempted by a replevin action in Allegheny County to repossess this equipment but that the Sheriff of Allegheny County, not finding the equipment, was unable to repossess it.

In the eleventh paragraph of this complaint, which was sworn to October 8, 1954, plaintiff alleges that about July 23, 1954, this action was instituted in Somerset County and that the sheriff finding the equipment in possession of Firestone Heavy Equipment Company made return accordingly. It is then alleged that "defendant has no title to or interest in said backhoe attachment and is not entitled to possession of said backhoe attachment against the Plaintiff".

Although plaintiff alleges defendant had no title or interest in the equipment, we assume that plaintiff refers in this allegation to both defendants rather than only one of them as defendants themselves must have so assumed since both defendants separately interposed the identical preliminary objections. Any other construction of plaintiff's allegation would obviously be insufficient.

The preliminary objections are three in number and are in substance, first, that plaintiff must rely upon its ownership or right of possession to sustain a recovery, second that these elements, ownership or right of possession are nowhere alleged, and third, that the complaint does not allege the ownership, right of possession or right of delivery to any other person by the Shippensburg Authority but merely alleges the bare delivery of the equipment to this plaintiff by the Shippensburg Borough Authority.

Manifestly, plaintiff does not allege ownership of this equipment. The absence of such an allegation in itself is not fatal to this action for the reason that plaintiff may be able to establish its immediate right of pos-

session as against that of either or both of these defendants, and thus be entitled to the recovery of the possession of the equipment. Replevin is essentially the action in law to establish the right of immediate possession which right is based upon a title or property interest, either general or special, in the chattel withheld from claimant. The right to immediate possession is the crucial element in the action of replevin which is in essence a possessory action.

In the leading Pennsylvania case, Harlan v. Harlan, 15 Pa. 507, the rule was concisely stated and has been repeatedly followed that, "It is well settled as a general principle, that in Pennsylvania, replevin lies whenever one man claims goods in the possession of another and this, whether the claimant has ever had possession or not, and whether his property in the goods be absolute or qualified, provided he has the right of possession": Gensbigler v. Shawley, 162 Pa., Superior Ct. 642; International Electronics Company v. N. S. T. Metal Products Co., Inc., 370 Pa. 213 Moreover, title alone is not sufficient to maintain the action: White Company v. Union Transfer Company, 270 Pa. 514. However claimant must support that right of possession with some property right or interest either absolute or general, or, qualified or special: Lake Shore & M. S. R. Company v. Ellsey, 85 Pa. 283; White Co. v. Union Transfer Company, 270 Pa. 514; Leitch v. Sanford Motor Truck Company, 279 Pa. 160, and McKee v. Ward, 289 Pa. 414. Thus it will be seen the failure here to affirmatively plead title in plaintiff is not of itself fatal to this action provided plaintiff has pleaded specifically or sufficient facts to establish its right to immediate possession of the equipment claimed by it which right, of course, must be supported by some indicia of title or property.

As defendant's counsel also points out, plaintiff in so many words has not pleaded plaintiff's right to

immediate possession but again the want of such specific pleading may not be fatal on preliminary objection. Plaintiff's theory of the case and its answer to that preliminary objection is that it is the bailee of the equipment from the Shippensburg Borough Authority by virtue of the contract with the authority which contract vested in plaintiff a property interest and title sufficient to sustain its right of immediate possession. Plaintiff contends its title or property interest is a special or qualified title or interest based upon its being the bailee under a contract. The question therefore arises whether a bailee has such a special or qualified title or property interest in the bailment which will support an action in replevin. The textwriters answer the question affrmatively. In 6 Am. Jur., Bailments, 351, the statement of the law is:

"In general, the authorities are now apparently agreed that a bailee in possession of the subject matter of the bailment, even though he is only a borrower or a mere gratuitous bailee, may bring an appropriate form of action against third persons who wrongfully injure, destroy, or cause the loss of, or convert the property. Thus, where it is an appropriate remedy for the wrong suffered, the bailee may generally maintain against such person an action in trespass, trover, trespass on the case, replevin, or detinue;" also 10 Standard Pennsylvania Practice, Replevin, §23, p. 589.

From the foregoing discussion it is apparent that the failure to specifically plead title or right of immediate possession in plaintiff is not fatal to the complaint on preliminary objection if, as plaintiff contends, it has sufficiently pleaded a bailment and itself as the bailee. We must, therefore, examine the specific pleading of the bailment and plaintiff as the bailee. Paragraph fourth of the complaint is: "In

connection with said contract, and for use in performance of the said contract, the Shippensburg Borough Authority delivered a . . . backhoe . . . into the possession of plaintiff," and in the fifth paragraph plaintiff continues: "Plaintiff then and there took possession of the backhoe . . . and continued in possession thereof until on or about the third day of July. . . ." These allegations clearly and sufficiently allege and plead a bailment and plaintiff as the bailee. The matter of proof of these allegations is plaintiff's burden at the trial of the cause.

While it is true, as defendants' counsel assert, that plaintiff must rely upon its ownership or right of possession and that neither of these elements is pleaded in precise language, plaintiff does allege more than bare delivery of the equipment to it and does sufficiently allege a bailment and the plaintiff as bailee; the proof may be sufficient to establish this bailment and plaintiff as bailee and if it does, the law will supply the elements of right of possession and title or property interest in the bailee; hence, specific language pleading right of possession and property interest is not in these circumstances required to this complaint.

Finally, plaintiff does allege more than bare delivery to it by the Shippensburg Authority; it alleges delivery of the equipment to it in pursuance of the contract. Although plaintiff has not attached a copy of that contract to its statement of complaint (and counsel for defendants have not requested the same nor objected to that failure) we must assume in disposing of this preliminary objection that the contract does exist and will establish when presented at the trial a lawful bailment to plaintiff of this particular construction equipment.

It follows the preliminary objections must be overruled and we accordingly enter the following

*Order*

Now, August 29, 1955, the preliminary objections interposed to the complaint having come on for consideration by the court, the same are overruled as to both defendants and both defendants are now allowed 15 days from date of this order to make answer to the complaint; costs to abide the final event.